U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 5 2016

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA ALLEN BAGGETT, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-320-A |
| | § | (NO. 4:12-CR-045-A) |
| UNITED STATES OF AMERICA, | § | |
| ET AL., | § | |
| | § | |
| Respondents. | § | |

MEMORANDUM OPINION
AND
ORDER

Now before the court is the motion of Joshua Allen Baggett under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence naming as defendants, the United States of America, and Rodney Chandler, Warden ("Chandler").

I.

Screening Under 28 U.S.C.§ 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in

either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989); see also Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require

2

"claims of specific conduct and action giving rise to a constitutional violation.").

Having now considered the allegations in the complaint, the court concludes that Chandler should be dismissed under the provisions of 28 U.S.C. § 1915A. Twombly, 550 U.S. at 555.

II.

Analysis

Plaintiff does not mention Chandler in his motion under 28 U.S.C. § 2255 other than to name him in the caption. Thus, the court finds that plaintiff has not stated a claim upon which relief may be granted against Chandler. In addition, the United States is the proper respondent to a motion under 28 U.S.C. § 2255.

III.

Order

Therefore,

The court ORDERS that all claims or causes of action asserted by plaintiff against Chandler in the above-captioned action be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. 1915A(b).

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Chandler.

The court further ORDERS that the style of this action be, and is hereby, modified by the removal of Chandler as a defendant in the above-captioned action.

The court further ORDERS that the caption of this action from this point forward be: "Joshua Allen Baggett v. United States of America."

SIGNED May 5, 2016.

_____
JOHN McBRYDE
United States District Judge